UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DENNIS DOBBS                                                                                          PETITIONER

V.                                       CIVIL ACTION NO.1:07CV49-SA-JAD

CHRISTOPHER EPPS, et al.                                               RESPONDENTS

## REPORT AND RECOMMENDATION

Dennis Dobbs was convicted of simple assault upon a law enforcement officer in the Circuit Court of Clay County and sentenced to five years in the custody of the Mississippi Department of Corrections. His petition in this court for habeas relief asserts nine different grounds.

## LIMITATIONS ON REVIEW

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed.[1] Secondly, each claim in the petition must have been exhausted, 28 U.S.C § 2254(b)(1).[2] The claim must have been presented to the highest court in the state, here the Mississippi Supreme Court, either

---

[1] There is no challenge to the timeliness of this petition.

[2] "An application of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254((b)(1)(A). "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 516 U.S. 1050, 116 S.Ct. 115, 133 L. Ed. 2d 669 (1996) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed 2d 379 (1982)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518, 102 S. Ct. at 1204)) (citations omitted)).

on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available the claim will be finally dismissed.[3]

Petitioners must also meet state procedural requirements in the handling of their cases in state courts. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. To avoid the bar of a procedural default, the petitioner must show 'cause and prejudice' or a 'fundamental miscarriage of justice.'[4]

If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights. The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused.[5]

---

[3] *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995)

[4] "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, 143 F.3d 942, 947(5th Cir. 1998) citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998). A "fundamental miscarriage of justice" is shown only where the petitioner can establish his factual innocence of the crime of conviction, by new reliable evidence not presented at trial. *Fairman v. Anderson,* 188 F.3d. 635, 644(5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106,108 (5th Cir. 1995).

[5] *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981); *Engle v. Isaac,* 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, n. 21, 71 L.Ed.2d 783(1982); *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). *Id* at 348-9, 113 S. Ct at 2121.

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if it the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389(2000). This statute also presumes each factual finding by the state courts is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence.[6]

This petitioner's claims have been reviewed in light of the AEDPA's limitations.

## SUMMARY OF THE RECORD

On the evening of December 6, 2002, Dennis Dobbs, a trustee at the Clay County Jail, returned to the jail after working all day on an outside garbage detail. Because Dobbs smelled of alcohol and was believed to be intoxicated, he was tested on an Intoxilyzer three times. One test was determined to be invalid but all three showed Dobbs have a blood alcohol content of at least .17. He was told to go into the drunk tank. He refused. Deputy Joe Huffman happened to be in the sheriff's office doing paperwork. He was called in to assist the jailer Danny Banks in getting Dobbs

---

[6] 28 U.S.C. § 2254(e)(1).

3

to go into the drunk tank.  After Huffman tried to talk Dobbs into complying with their orders, Dobbs grabbed Huffman and pushed him against the wall.  After Huffman had Dobbs down on the floor, Dobbs indicated his intention to comply with the officers' instructions.  He then proceeded to throw Huffman over his shoulder.  Eventually Dobbs relented and entered the cell as instructed.  Huffman suffered injuries to his thumb and shoulder.

Dobbs was charged with simple assault on a law enforcement officer.  He was indicted April 11, 2003, as an habitual offender, convicted and sentenced to five years which he served.  During his trial there was testimony from the law enforcement personnel present and from Dobbs' co-worker trustee that Dobbs was drunk.  Dobbs even at trial denied he had been drunk.  Huffman, Banks and Dobbs agreed that Dobbs refused to enter the cell as ordered by the officers.  There was conflicting testimony as to who initiated the physical altercation.  Huffman and Banks said Dobbs attacked Huffman.  When Huffman got Dobbs on the ground, Dobbs according to both Huffman and Banks indicated that he was going to comply and quit fighting.  Banks described Dobbs' conduct as playing possum.  He then threw Huffman over his head.

Multiple inmates testified blaming Huffman.  One claimed the parties tripped over a mop bucket and was impeached by the video showing no such item near the parties.  One claimed that racial slurs were used.  One denied hearing any racial slurs.  Multiple inmates claimed to be in the hallway when jail policy allowed only one floor walker at any given time in each of the jail's two separate units.  One inmate who had been working with Dobbs said both he and Dobbs had been drinking and both were in fact drunk.  Dobbs testified that he was not drunk and that Huffman had attacked him. One inmate witness was impeached by his statement to the sheriff indicating that Dobbs had begun the physical altercation.  One inmate was impeached because he denied that

4

Huffman had been an investigator in his case. The sheriff testified otherwise. Dobbs insisted that he and Huffman landed on the floor because they tripped over a mop bucket. He now represents to the court that there was no mop bucket involved in the incident. The jury necessarily accepted the testimony of Huffman and Banks and rejected Dobbs' version in convicting him,

GROUND ONE-DOUBLE JEOPARDY AND GROUND THREE (A)

Dobbs claims that he was convicted of disorderly conduct for the same incident in the justice court and therefore his later felony conviction for the same acts is a violation of the Double Jeopardy clause. He also claims in what the respondent's have labeled Ground Three(a) that his attorney failed to provide effective assistance of counsel in failing to raise the double jeopardy defense.

The Mississippi Supreme Court held that consideration of this claim was procedurally barred pursuant to § 99-39-21 Miss. Code Ann. This statute provides in part: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors of law either in fact or law which were capable of determination at trial and/or on direct appeal...shall constitute a waiver thereof and shall be procedurally barred...." Because of this procedural default, this court can consider the Double Jeopardy claim only if there is a showing of cause adequate to excuse the default and resulting prejudice. *Moawad*, 143 F.3d 942, 947. Dobbs has attempted to show cause for the default by asserting that he received ineffective assistance of counsel when his attorney failed to raise the defense at trial. An attorney's error can constitute cause for a procedural default only if it rises to the level of constitutionally defective assistance of counsel.[7]

---

[7] *Murray v. Carrier*, 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986). It should be noted that though represented by counsel, Dobbs filed multiple pleadings on a wide range of topics. He moved to dismiss the indictment as not sufficiently specific. He moved to have his court appointed attorney dismissed. He demanded a preliminary hearing and moved for a psychiatric examination of Huffman and Banks. He apparently did not come up

Dobbs claims he pled to a reduced charge of disorderly conduct in the justice court regarding this incident in February 2003 and that the felony conviction for the same offense amounts to double jeopardy. He claims that he gave his attorney a receipt for the fine paid in justice court. He claims he was fined $ 100.00 and court costs of $101.00. He claims that the justice court attempted to withdraw the fine after the circuit court indictment on the felony charge.

Dobbs attorney cannot be faulted for not raising this purported defense because it is without merit. Dobbs has attached justice court records which refer to the charge of assaulting a law enforcement officer. These records are somewhat confusing. They indicate both that the charge is pending in justice court and also contain notations that the defendant was fined and court costs assessed for something. The respondents are correct in asserting that the justice court lacks jurisdiction to handle this charge since by Mississippi law simple assault on a law enforcement officer is a felony and that justice court jurisdiction is limited to misdemeanors. § 99-33-1 Miss. Code Ann.[8] Therefore any attempt to try Dobbs and impose punishment would be void.

Dobbs has submitted documents showing that the contention he is making in this court is false. In one of his motions to amend (Doc. 5, p. 5), Dobbs includes what he represents to be the case information sheet from justice court. This case information sheet shows a correction removing the reference to the fine and court costs with the initials HB next to the changes. As Dobbs points

---

with this 'defense' until after trial because the first time he mentions double jeopardy in connection with this case is in December, 2004.

[8] § 97-3-7 Miss. Code Ann. defines simple assault and provides that the offense is generally a misdemeanor. However for a law enforcement official acting within the course and scope of their duties, the law prescribes a fine of up to $ 1,000.00, five years in prison or both, making the crime a felony.

out, Harriet Bragg is the clerk of the justice court. That she has made this correction on the face of the record is indicative of correction of an error on the record, not as Dobbs claims some underhanded attempt to alter the record.[9] An error in record keeping does not establish Dobbs' claim that there ever was a conviction for anything related to the December 6, 2002 incident.

Dobbs contends that he was taken to trial in the justice court on February 23, 2003 and sentenced for Huffman incident. He however provides the proof that this claim is untrue. Another copy of the abstract of record is supplied by Dobbs with his hand-written notes on what happened in justice court. This document filed in the Clay County Circuit Court in May, 2004, notes in Dobbs' handwriting, "Charge is still pending in Justice Court, Feb. 2003, charge was continue at preliminary because Joe Huffman was not present, How it get Bound over to Grand Jury, Judge did not do it! Who? Sher Dept." In yet another of Dobbs' circuit court filing from August, 2004, after the trial, Dobbs alleges that the "case is still pending in lower or Justice Court awaiting Circuit Court to dismiss the case back down to the lower court." (Doc. 5-5, p 32). This is utterly inconsistent with the claim he now attempts in this court. There being no proof of an earlier related conviction, this claim is without merit. Grounds One and Ground Three(a) should be denied.

GROUND TWO-FAST AND SPEEDY TRIAL

Dobbs contends that his right to a speedy trial was denied. The Mississippi Supreme Court found this issue was procedurally barred pursuant to § 99-39-21 (1) Miss. Code Ann. Dobbs assaulted Sheriff Deputy Joe Huffman on December 6, 2002, while he was incarcerated in the Clay

---

[9] Dobbs also alleged in the trial court that a 1990 false pretense conviction was not a felony and that the sentencing order was a forgery. The trial judge responded to this allegation by reviewing the records. He found on the record that the signature, his own, on the earlier sentencing order is indeed genuine. Dobbs also makes accusations that the record of testimony in this case has been altered.

7

County jail. Dobbs was indicted on the charge in April, 2003. He was convicted on the simple assault charge on July 22, 2004. According to a jail time sheet included in the record, the majority of the time between the incident and the trial, Dobbs was in the custody of the Mississippi Department of Corrections (R. 161). Dobbs did not file a motion for a speedy trial until March 31, 2004 (R. 108) and was tried in July, 2004. Dobbs has made no showing that he suffered any prejudice as a result of the delay in the trial and the record contains no hint of prejudice. *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972). Dobbs has not shown any cause to excuse his procedural default in the state court nor has he shown any resulting prejudice to him. Therefore this court should not consider this claim on the merits.

## GROUND THREE-INEFFECTIVE ASSISTANCE OF COUNSEL

Dobbs raises multiple complaints about the assistance of counsel he received in defense of this action. To establish ineffective assistance of counsel, Dobbs must show, " (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). The deficiency determination is not unguided. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994); quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable

8

probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

Because Dobbs failed to convince the Mississippi Supreme Court that he had established his claims, his burden is even more difficult before the court. He must not merely show that he suffered ineffective assistance of counsel but must convince this court that the Mississippi Supreme Court's decision to the contrary, was not merely erroneous, but unreasonable. With this daunting standard in mind, each of his claims of ineffective assistance of counsel that is not procedurally barred is considered separately. The respondents have labeled and summarized these complaints (a) through (e) as follows:

(a). Failed to raise double jeopardy claim.

This claim has been previously addressed.

(b). Failed to move for a competency hearing.

As with the rest of Dobb's belated insanity defense this matter was first raised by a successive writ to the Mississippi Supreme Court and barred from consideration pursuant to Miss. Code Ann. § 99-39-27 (9). Because there is no showing of cause to excuse Dobbs' state court default, no showing of prejudice, nor any indication that manifest injustice will result from the enforcement of the state's procedural requirements, this court should decline to consider the merits of this claim. Alternatively, the record shows Dobbs active participation in his defense. He testified in the case and spoke directly with the court on a number of occasions. Nothing in the record indicates any basis for Dobbs' insanity defense nor for challenging his competency to stand trial. The refusal to raise claims that lack merit is effective, not ineffective assistance of counsel.

(c). Objected to Dobb's attempt to answer questions regarding previous proceedings in Clay

County Justice Court.

This claim was denied on the merits by the Mississippi Supreme Court. Dobbs claims that the record in this case has been altered to delete the pertinent portion of the record. According to Dobbs, the district attorney was attempting to question Dobbs about his conviction in justice court and that his own attorney objected, thus blocking the development of his double jeopardy defense. The record before this court has been duly certified. Dobbs' unsupported allegations of tampering with the record does not merit a hearing. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ... to be of probative evidentiary value."). The sequence of events he alleges is unbelievable. Dobbs has himself produced documents establishing the falsity of his claim that he was convicted in justice court for this incident. His attempt to create a dispute about the accuracy of the record is bald, bold falsehood. Dobbs is not entitled to relief.

(d). Failed to call witness Harriet Bragg.

Like subsection (b) above, this claim was initially presented to the state court by way of an improper successive petition. Dobbs claims that Bragg's testimony would have established his double jeopardy defense and shown that he was not competent to stand trial. There is not a scintilla of proof, other than Dobbs' assertion regarding anything to which Bragg would have testified. The Fifth Circuit has consistently held that "'complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative.'" *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5 Cir. 1983)(quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). *See also Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Washington v. Watkins*, 655 F.2d 1346,

10

1363-1364 (5th Cir. 1981). "Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.'" *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001)(quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)(citations omitted). There is no proof of a justice court conviction and no proof that Bragg, a justice court clerk, was qualified or had any personal knowledge on the issue of Dobbs' competency. Dobbs makes no attempt to show cause for his failure to timely raise this issue, nor has he shown any resulting prejudice. This claim therefore cannot be considered on the merits by this court.

(e). <u>Conflict of interest due to Dobbs' attorney alleged membership in the Ku Klux Klan</u>.

This claim like (d). above was made by a procedurally barred successive petition to the state court. There is no proof of the accusation. Dobbs' conclusory allegation does not amount to proof on this or any other issue. *Ross*, 694 F2d 1011. The court cannot properly consider this procedurally defaulted claim. The required showings to allow this court to reach the merits of this claim, notwithstanding the procedural default, have not been made.

## GROUND FOUR-INSANITY

Dobbs contends that his competency to stand trial and his legal sanity should have been issues in this prosecution. This asserted ground was procedurally barred before the Mississippi Supreme Court pursuant to § 99-39-27 (9). This statute bars consideration of successive writs with limited exceptions that are not here applicable. Nothing in the record, nor in this court's long dealings with Dobbs in this or other actions indicates that there is any legitimate basis for making such a claim. His allegations, even if credited, are not sufficient to cause his legal sanity or competency to be called into question. He alleges only that he was to be referred for psychiatric

11

assistance by some unnamed 'disability' doctor and that he was seeing 'double visions' prior to be provided with new glasses in 2006.

Dobbs' testimony and active participation in his defense establishes the lack of merit to this claim. Therefore there is no prejudice, even if Dobbs were able to establish cause for his default in failing to raise this issue during his first state post-conviction action. Because the record supports both his conviction and his sentence as an habitual offender, there is no question that he is neither actually innocent of the crime or sentence and therefore there will be no manifest miscarriage of justice if the court fails to consider this or any other procedurally barred ground. This court should decline to address this claim on the merits.

## GROUND FIVE-ILLEGAL AMENDMENT

Dobbs contends that the indictment was amended illegally by the trial judge "withdrawing self defense from the indictment." This claim was denied on the merits by the Mississippi Supreme Court. Once more Dobbs makes a claim that finds no support in the record. Not only is there no such amendment to the indictment found anywhere in the record, but as noted in the state court appellate decision, one of the jury's instructions given in the case required the jury to find that Dobbs' actions were not 'in necessary self defense." *Dobbs v. State*, 950 So. 2d 1029, 1032 (Miss. Ct. App. 2006). This claim is without merit.

## GROUND SIX-IMPROPER AND 'DEFECTED' INDICTMENT

Dobbs makes an assortment of complaints under this ground. First he complains that one of the underlying felony convictions used to support the habitual offender portion of his conviction and sentence is not in fact a felony. He then complains that the victim was not a law enforcement officer since according to Dobbs, Huffman was off-duty, not in uniform or wearing a badge. These claims were denied on the merits by the Mississippi Supreme Court.

Dobbs is not entitled within this habeas action to attack the validity of the prior convictions used to enhance his punishment under Mississippi's habitual offender statute. Those convictions are subject to their own statutes of limitations, state and federal. One of the convictions in fact dated back to 1990. The claims are also ludicrous. Dobbs' contention in the state court was that, nothwithstanding the court records showing felony convictions, that the underlying offenses were only misdemeanors. That these convictions were for felonies is res judicata in this action.

His argument regarding the fact that Huffman was not in uniform is a challenge to the weight of the evidence. This is a question of state law to be resolved by the state court. It provides no ground for federal relief. Dobbs once again challenges the accuracy of the transcript alleging that the sheriff testified to facts establishing that Huffman could not have been acting in the course and scope of his employment as a sheriff's deputy. The record is properly certified and the testimony Dobbs attributes to the sheriff incredible. But in any event, such testimony would not undermine the verdict. Construed as a challenge to the legal sufficiency of the evidence, the record contains ample evidence to support all elements of the offense, including Huffman's status as a law enforcement officer in the course and scope of his employment at the time of the attack.

## GROUND SEVEN-VIOLATION OF DUE PROCESS

Dobbs has a list of complaints under this ground. He accuses the trial court of failing to hear his pre-trial motions. He complains that the trial court failed to determine whether he was competent. He also complains that the Mississippi Supreme Court kept denying him leave to proceed with post conviction relief. He complains that the affidavit bringing charges against him was not filed until six days after the incident and asserts that this was just too late. The Mississippi Supreme Court refused to consider any of these 'due process' claims as they were first presented by way of a successive petition to the state court. Dobbs has made no showing of cause for his failure to present all grounds he wished to assert in his first petition, nor has Dobbs shown any resulting prejudice. Dobbs' guilt and the legality of the sentence are clearly established by the record. Refusal to consider this procedurally barred claim will work no injustice.

## GROUND EIGHT-SELF-INCRIMINATION

Dobbs asserts that he was mentally ill when the court allowed him to testify. He complains that his testimony incriminated him when he was trying to help himself. Dobbs says he testified that he fell over a mop bucket and the video of the incident "shown no source." Like Grounds Four and Seven this claim was also first advanced by means of a successive writ. It is procedurally barred and for the same reasons should not be considered by this court.

Alternatively, this ground lacks merit. Lack of candor on the witness stand is truly incriminating. Dobbs' version of the events was so completely rebutted by videotape and that he now concedes the inaccuracy of his testimony. That Dobbs incriminated himself in his attempt to exculpate himself does not call into question his mental health or competency to stand trial, only his veracity.

## GROUND NINE-TRIAL COURT PREJUDICED HIS DEFENSE

Dobbs claims that the trial court prejudiced his defense when it failed to allow Harriet Bragg, the justice court clerk to testify on Dobbs' behalf. He claims that this witness could have established his Double Jeopardy defense. He also claims that this witness would have testified that Dobbs was mentally ill and not competent to stand trial. This claim was presented by one of Dobbs' successive writs and therefore procedurally barred from consideration by the state court. Dobbs has not made the required showings to allow this court to reach the merits of this claim.[10]

## GROUNDS TEN AND ELEVEN-AFFIDAVIT FILED IN THE WRONG COURT AND FILED TOO LATE

Dobbs contends that the affidavit which initiated his prosecution was filed in the wrong court. He asserts that his prosecution was barred because six days elapsed between the attack and the filing of the affidavit. Dobbs contends that the municipal court had jurisdiction since the Clay County jail is within the city limits of West Point, Mississippi. He asserts that his prosecution was barred because six days elapsed between the attack and the filing of the affidavit. These claims were never presented to the Mississippi Supreme Court and Dobbs has failed to exhaust his state remedies. He cannot return to the state court to exhaust the remedies. Because these claims are both clearly frivolous there can be no showing to overcome this procedural default.

## CONCLUSION

No basis for habeas relief having been shown, the undersigned recommends that the petition be dismissed with prejudice.

---

[10] This claim is also not supported in the record. Bragg was never called to testify. There is no ruling by the trial court regarding her testimony.

15

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 6th day of January, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE